# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAMES WILLIAMS,

               Petitioner,

      v.

JOSEPH S. SCISCENTO, et al.,

               Respondents.

Case No. 2:18-cv-02122-APG-BNW

**ORDER**

Petitioner James Williams has submitted an application to proceed *in forma pauperis* (ECF No. 1) and a petition for a writ of habeas corpus under 28 U.S.C. § 2254. I find that Williams is unable to pay the filing fee. I have reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. I deny the petition because it lacks merit.

Williams alleges that he was selling bottles of water to passers-by. Two police officers arrested him for battery on a protected person and making a false statement to a police officer. In the Las Vegas Justice Court, Case No. 16M12317X,[1] Williams pleaded no-contest to obstructing a public officer. On October 11, 2016, the justice court entered the judgment of conviction. Williams was sentenced to 60 days in jail, suspended, and told to stay out of trouble. Williams appealed the judgment to the Eighth Judicial District Court of the State of Nevada, Case No. C-17-321097-A.[2] On March 27, 2019, the state district court denied the appeal.

---

[1]     https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=11978065 (report generated May 2, 2019).

[2]     https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (report generated May 2, 2019). No direct link to this docket exists. Anyone wishing to look at this docket will need to enter the case number exactly.

Williams commenced this action after entry of the judgment of conviction but before the state district court decided the appeal.

Williams claims that the charges for which he was arrested, and the charge to which he pleaded guilty, were a disguise for a violation of Clark County Code § 6.04.130. That ordinance states:

> It is unlawful for any person to sell, peddle, offer to sell or solicit for sale by offering or displaying any merchandise, goods, items, wares, or services on any improved or unimproved portion of a public right-of-way, including private property upon which a limited easement of public access has been granted, in the unincorporated area of Clark County except that which is otherwise expressly permitted by this code or state statute. This prohibition restricts only sales actually occurring or proposed to occur on the aforementioned public right-of-way, and does not prohibit any person from distributing advertisements or other promotional materials designed to encourage commercial transactions at licensed business locations.

Williams also argues that § 6.04.130 is unconstitutional.

The first problem with the petition is that it is not clear whether Williams's sentence still is in effect. The justice-court docket noted that the stay-out-of-trouble provision was in effect from October 11, 2016, through January 10, 2017. If that sentence was in effect while Williams's appeal to the state district court was pending, then it expired more than a year before he commenced this action. Williams would not have been in custody when he commenced this action, and he would not be able to challenge the judgment of conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

Even if Williams's sentence still is in effect, his plea keeps him from obtaining any relief. For the purposes of this order, his no-contest plea to obstructing a public officer is equivalent to a guilty plea. Williams may not use habeas corpus to raise claims of constitutional violations that occurred before entry of the plea; he may attack only the voluntariness of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Even if Williams is correct that the obstruction conviction really is a disguise for a violation of § 6.04.130, his plea means that he may not raise this issue in a habeas corpus petition. Williams does not claim that his plea was unknowing or involuntary. Consequently, the petition is without merit.

To appeal the denial of a petition for a writ of habeas corpus, Williams must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Although it is unclear whether Williams's sentence still is in effect, it is clear that his plea precludes his constitutional claims. Reasonable jurists would not find that conclusion to be debatable or wrong. The court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**. Williams need not pay the filing fee of $5.00.

IT FURTHER IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that the petition for a writ of habeas corpus is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: May 3, 2019.

_____
ANDREW P. GORDON
United States District Judge